UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
         Plaintiff,             )
                                )
vs.                             )   CIVIL ACTION No. CV-96-S-1663-NE
                                )
JIMMY D. HOSMER and LILLIAN     )
FAY HOSMER,                     )
                                )
         Defendants.            )

ENTERED
APR 16 1997

## MEMORANDUM OPINION

This is an action in which the Government sues on behalf of the Small Business Administration ("SBA"), an agency of the United States, to collect debts allegedly due from defendants pursuant to personal guaranty agreements given as security for SBA-insured loans to corporate entities of which defendants were officers. (See 28 U.S.C. §§ 1345, 3001(a) et seq.)  The case presently is before the court on the Government's motion for summary judgment. Upon consideration of the motion, pleadings, briefs, and affidavit of Harold G. Mayfield, Chief Portfolio Management Officer for the Birmingham SBA office, this court concludes the motion is due to be granted.

### I. UNDISPUTED FACTS

On July 10, 1986, Hosmer Machine and Engineering Co., Inc., acting by and through its President and Secretary (defendants Lillian Fay and Jimmy D. Hosmer, respectively), executed a promissory note to Central Bank of the South in the original principal amount of $100,000. (Mayfield Affidavit: Exhibit A.) As security for that loan, both Hosmers executed an unconditional

//

personal guaranty agreement. (*Id.*: Exhibit B.)  The note and guaranty subsequently were assigned to the SBA. (*Id.*: Exhibit C.)

On June 27, 1990, Hosmer Machine and Engineering Co., Inc., together with another corporate entity named "Jim Jak, Inc.," executed a second promissory note to Central Bank of the South in the original principal amount of $205,000. Jimmy D. Hosmer signed that note in his capacity as Secretary of Hosmer Machine and President of Jim Jak; Lillian Fay Hosmer signed as President of Hosmer Machine and Secretary of Jim Jak. (*Id.*: Exhibit D.)  As security, each Hosmer executed personal guaranty agreements. (*Id.*: Exhibits E and F.)  That note and its related guaranties later were assigned to the SBA. (*Id.*, 2.)

Both notes are in default and the Government accordingly has sued the Hosmers on their personal guaranties, asserting: "[t]here is due and owing to [the] SBA on account of said indebtedness, the principal amount of $181,194.01, plus interest accrued through December 3, 1996 in the amount of $39,805.49, for a total amount due of $220,999.50, with interest accruing after that date at the daily rate of $37.23." (*Id.*, 3; *see also* Exhibit G.)  Plaintiff asks for entry of summary judgment in that amount.

In response, defendants admit their execution of the personal guaranties and the fact of default on the underlying notes, but "call into question the sums due": *i.e.*, they "disagree with" the amounts claimed by the Government. (Defendants' Brief,[1] at 2.)

---

[1] "Defendants' Response to Plaintiffs' [sic] Motion for Summary Judgment."

2

## II. STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment not only is proper, but "<u>shall be rendered forthwith if</u> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. ..." (Emphasis supplied.) The movant bears the initial burden of showing the court, by reference to materials on file, that no genuine issues of material fact exist to be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The moving party discharges this burden by "showing" or "pointing out" to the court that there is an absence of evidence to support the non-moving party's case. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995)(*per curiam*). Rule 56 permits the movant to discharge this burden <u>with</u> or <u>without</u> supporting affidavits. *Celotex*, 477 U.S. at 325. When the moving party has discharged its burden, the non-movant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *Jeffery*, 64 F.3d at 593.

In deciding whether the moving party has met its burden, the court is obligated to draw all inferences from the evidence presented in the light most favorable to the non-movant and, also, to resolve all reasonable doubts in that party's favor. *Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Inferences in favor of

3

the non-movant are not unqualified, however. "Mere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 592 (11th Cir. 1995) (citation omitted). Moreover, evidence that is merely colorable, *see Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988), conclusory, *see Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989), or conjectural, does not create a genuine issue of material fact.

Thus, if a reasonable fact finder evaluating the evidence <u>could</u> draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment. *Augusta Iron & Steel Works v. Employers Ins. of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988). A "genuine" dispute about a material fact exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Jeffery*, 64 F.3d at 594 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The bottom line is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

### III. DISCUSSION

As previously noted, defendants simply "call into question" the amount claimed by the Government.

> While the Defendant[s] do[] not deny the Notes, they do call into question the sums due from [sic] the Plaintiff. The mere assertion by the Plaintiff that a set sum is due on the Note can only be determined when taken into account is the payments of Defendants as well as Hosmer Machine & Engineering, Inc. and Jim-Jak, Inc. This is a

4

> case brought only on the personal guaranties of the
> Defendants. However, payments or offsets afforded to the
> corporate entities would also be necessary to determine
> the actual amount due. The Plaintiffs have calculated
> such an amount, but the fact that the Defendants disagree
> with the same gives rise to a material dispute.

(Defendants' Brief, at 1-2.) Defendants offer nothing to demonstrate that the SBA's witness did not take into account all payments and offsets due, other than the bare assertion that they "disagree with" plaintiff's calculations. The assertion is not supported by any record evidence. That amounts to no more than the general denial defendants pled in answer to the complaint.

Rule 56(e) of the Federal Rules of Civil Procedure provides, in part:

> When a motion for summary judgment is made and supported
> as provided in this rule, an adverse party may not rest
> upon the mere allegations or denials of the adverse
> party's pleading, <u>but the adverse party's response</u>, by
> affidavits or as otherwise provided in this rule, <u>must
> set forth specific facts showing that there is a genuine
> issue for trial</u>. If the adverse party does not so
> respond, summary judgment, if appropriate, shall be
> entered against the adverse party. [Emphasis supplied.]

The foregoing language was added to the Rule "to overcome a line of cases ... which ha[d] impaired the utility of the summary judgment device":

> A typical case is as follows: A party supports his motion
> for summary judgment by affidavits or other evidentiary
> matter sufficient to show that there is no genuine issue
> as to a material fact. The adverse party, in opposing
> the motion, does not produce any evidentiary matter ....
> Instead, the adverse party rests on averments of his
> pleadings which on their face present an issue.
>
> ....
>
> The very mission of the summary judgment procedure is to
> pierce the pleadings and to assess the proof in order to
> see whether there is a genuine need for trial. [Cases]

5

> which permit[] the pleadings themselves to stand in the way of granting an otherwise justified summary judgment. [are] incompatible with the basic purpose of the rule.

Id., Advisory Committee Notes (citations omitted)(emphasis added). See also Celotex, 477 U.S. at 324, 106 S.Ct. at 2553 (nonmovant must "go beyond the pleadings" and point to evidence by way of affidavit, deposition, answers to interrogatories, or admissions on file); Carter v. City of Miami, 870 F.2d 578, 585 (11th Cir. 1989)(nonmovant must present more than speculation and conclusory allegations).

In short, the Government has submitted in support of its motion each promissory note and related guarantee agreement, together with an affidavit of the SBA's Chief Portfolio Management Officer stating the amount due. In response, defendants have presented nothing. The naked declaration that defendants "disagree with" plaintiff's calculations does not suffice to create a genuine issue of material fact.

Alternatively, defendants contend that Hosmer Machine and Engineering Co., Inc. has filed a Chapter 11 petition in bankruptcy, and that:

> [i]ts plan takes into account a payment of one hundred (100%) percent of the amount due in this matter. While this is not payment in full under the terms of the note in controversy, it does make satisfactory arrangements to pay in full the obligation. The disclosure statement has been accepted by the United States Bankruptcy Court with a hearing date assigned for approval of the plan on March 24, 1997 at 9:00 a.m. in Huntsville, Alabama, before the Honorable Jack A. Caddell. If the plan is approved, then the obligation of the Debtor, Hosmer Machine & Engineering, Inc. Would be paid through the Chapter 11 Order. Therfore, the personal guaranties of the Defendants herein would not be necessary in the process of collection of any indebtedness due to the Plaintiff.

6

(Defendants' Brief, 2-3.)

Even so, the majority of courts hold that the automatic stay provided by 11 U.S.C. § 362 protects only the bankrupt debtor, and not guarantors. See, e.g., *Federal Deposit Insurance Corp. v. Torrefaccion Cafe Cialitos, Inc.*, 62 F.3d 439, 443 (1st Cir. 1995)(§ 362 stays only suits filed against debtors and not suits against the debtor's co-debtors, guarantors, or sureties); *United States v. Wright*, 57 F.3d 561, 562 (7th Cir. 1995)(automatic stay does not apply to guarantors, sureties, insurers, partners, and other persons liable on the debt); *Chugach Forest Products, Inc. v. Northern Stevedoring & Handling Corp.*, 23 F.3d 241, 246 (9th Cir. 1994)("section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor")(quoting *Advanced Ribbons & Office Products, Inc. v. U.S. Interstate Distributing, Inc.*, 125 B.R. 259, 263 (Bank.App.Panel 9th Cir. 1991)).

There is a minority view to the effect that a Chapter 11 plan of reorganization can enjoin creditor action against non-debtor parties where the creditor fails to object to the plan of reorganization prior to confirmation,[2] and, upon a showing by the debtor: (i) of irreparable harm to the bankruptcy estate if an injunction does not issue; (ii) a strong likelihood of success on the merits (defined as the probability of a successful plan of reorganization); and (iii) no harm or minimal harm to other

---

[2] See *In re Davis Broadcasting, Inc.*, 176 B.R. 290 (Bankr. M.D. Ga. 1994).

7

parties.[3]  No such showing has been made by defendants herein, however.

The Eleventh Circuit has not spoken directly to the issue,[4] but the United States Bankruptcy Court for the Northern District of Alabama did, in the case of *Anniston Federal Savings & Loan Association v. E.K.P., Inc.*, 42 B.R. 19 (Bankr. N.D. Ala. 1984), where Judge Chandler Watson held that a § 362(a) automatic stay is not imposed against cosigners and guarantors of a Chapter 11 debtor.

Accordingly, this court shall cleave to the line marked by the majority, and hold that the filing of a Chapter 11 petition for bankruptcy relief by Hosmer Machine and Engineering Co., Inc. does not act as a stay of this action against defendants to collect on their obligations as guarantors of the bankrupt debtor's debts.

A final judgment consistent with this memorandum opinion will issue contemporaneously herewith.

DONE this 16th day of April, 1997.

                                          _____
                                          United States District Judge

---

[3] *In re Kasual Kreation, Inc.*, 54 B.R. 915 (Bankr. S.D. Fla. 1985).

[4] *But cf., In re Sure-Snap Corp.*, 983 F.2d 1015, 1019 (11th Cir. 1993), holding that confirmation of a debtor's Chapter 11 plan did not discharge the obligations of a non-debtor guarantor.

8